UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DIS...

2013 SEP 27  PM 1: 56

ROBERT J. GIUFFRA, and MARY GIUFFRA.,

Plaintiff,

Civil Action No. JUDGE BRICCETTI

**NOTICE OF REMOVAL**

- against -

New York State Supreme Court
(Westchester County)

VANTAGE TRAVEL SERVICE, INC.
d/b/a VANTAGE DELUXE WORLD TRAVEL,

Defendant.

Index No.: 59806/13

# 13 CV 6880

TO:   UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel ("Vantage") by its attorneys,

Nixon Peabody LLP, hereby removes the above-captioned action to the United States District

Court for the Southern District of New York, and respectfully states as follows:

1.      The basis for the removal of this action from the New York State Supreme Court,

Westchester County, to the United States District Court, Southern District of New York, is

original diversity of citizenship.  28 U.S.C. §§ 1332 and 1441.

2.      On August 29, 2013, plaintiffs, Robert Giuffra and Mary Giuffra, served

defendant Vantage with a copy of a Summons and Verified Complaint to be commenced in the

New York State Supreme Court, Westchester County. The title of the action is known as Index

No.: 59806/13, *Robert J Giuffra and Mary Giuffra v. Vantage Travel Service, Inc., d/b/a Vantage*

*Deluxe World Travel.*

3.      Pursuant to U.S.C. § 1446(a), Defendant hereby attaches as Exhibit "A," a copy

of the Summons and Verified Complaint, the only process, pleadings, and orders served to date.

4.    The Verified Complaint asserts the first cause of action for serious permanent injury, and severe and emotional distress, due to breach of contract, and negligence. A second cause of action is stated for loss of consortium.

5.    According to the Verified Complaint, Plaintiff Robert J. Giuffra at all times concerning this action is a resident of the State of New York, Westchester County.

6.    According to the Verified Complaint, Plaintiff Mary Giuffra at all times concerning this action is a resident of the State of New York, Nassau County.

7.    Defendant is a private corporation organized and existing under the laws of the state of Massachusetts in Boston.

8.     Plaintiffs and Defendant are citizens of different states, as such, there is "diversity of citizenship" giving a basis for removal to the Federal District Court. 28 U.S.C. §§ 1332 and 1441.

9.    Under information and belief the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

10.    This notice of removal is being filed within thirty (30) days of the date (August 29, 2013) upon which Vantage was served with a copy of the Summons and Verified Complaint. 28 U.S.C. § 1446(b).

11.    Written notice of the filing of this Notice of Removal will be given to Plaintiffs, Robert Giuffra and Mary Giuffra, and a copy will be filed with the Clerk of the New York State Supreme Court, Westchester County, as required by 28 U.S.C. § 1146(d).

**WHEREFORE,** Defendant Vantage respectfully requests that the above-captioned action be removed from the New York State Supreme Court, Westchester County to this Court, the United States District Court, in the Southern District of New York.

Dated: September 27, 2013
       Jericho, New York

                                        **NIXON PEABODY LLP**

                                        By:_____
                                              Joseph J. Ortego, Esq.
                                              James W. Weller, Esq.
                                        50 Jericho Quadrangle, Suite 300
                                        Jericho, New York 11753
                                        (516) 832-7500

                                        *Attorneys for Defendant*

TO:

       ROBERT J. GIUFFRA, ESQ.
       250 Park Avenue
       Seventh Floor
       New York, New York 10177
       (646) 485-5631

       *Attorneys for Plaintiffs*

14650887.2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** <u>WESTCHESTER</u>

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

-----------------------------------------------------x
Robert J. Giuffra and Mary Giuffra,

                                    Plaintiff/Petitioner,

                - against -

Vantage Travel Service, Inc. d/b/a Vantage
Deluxe World Travel

                                    Defendant/Respondent.
-----------------------------------------------------x

Index No. 59806/13

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 9/28/13

_____ (Signature)

Robert J. Giuffra
_____ (Name)

_____ (Firm Name)

250 Park Avenue -7th Floor _____ (Address)

New York, New York 10177

646-485-5631 _____ (Phone)

robert.giuffra@doughertyryan.com (E-Mail)

To: ‘ Vantage Travel Serv.

90 Canal Street

Boston, MA 02114

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
ROBERT J. GIUFFRA, and MARY GIUFFRA

                     Plaintiff's,

VANTAGE TRAVEL SERVICE, INC.
d/b/a VANTAGE DELUXE WORLD TRAVEL

                    Defendant
-------------------------------------------------------------X

*59806/13*

**SUMMONS**

*Plaintiffs resides at:*
*8 Hawthrone Road*
*Bronxville, NY 10708*

TO:    Vantage Travel Services
        90 Canal Street
        Boston, MA 02114-2031

       You are hereby summoned and required to serve upon the Plaintiff's Attorney an Answer to the Complaint in this action within (20) days after the service of this Summons, exclusive of the date of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to Answer, judgment will be entered against you by default for the relief demanded in the complaint. The basis of venue is the residence of the Plaintiff's.

Dated: New York, New York
       June 27, 2013

                          ROBERT J. GIUFFRA, ESQ.
                          250 Park Avenue
                          Seventh Floor
                          New York, New York 10177
                          (646) 485-5631

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
ROBERT J. GIUFFRA, and MARY GIUFFRA            Index No: 59806/13

               Plaintiff's,            **VERIFIED**
                            **COMPLAINT**


VANTAGE TRAVEL SERVICE, INC.
d/b/a VANTAGE DELUXE WORLD TRAVEL

               Defendant
-------------------------------------------------------------------X

      Plaintiffs, ROBERT J. GIUFFRA, and MARY GIUFFRA,  as and for their Verified

complaint, alleges, upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.  The plaintiff, ROBERT J. GIUFFRA is a resident of the State of New York, County of

Westchester.

    2.  That at all times hereafter mentioned defendant VANTAGE TRAVEL SERVICE, INC.

d/b/a VANTAGE DELUXE WORLD TRAVEL (hereafter "VANTAGE"), was a foreign

corporation authorized to do business in the State of New York.

    3.  That at all times hereinafter mentioned defendant VANTAGE was a foreign

corporation, conducting business in the State of New York, and deriving substantial income

from its activities in the State of New York.

    4.  That at all times hereinafter mentioned defendant VANTAGE conducts a travel service

to include land tours, European River cruise tours, ocean cruise tours, and "around-the-world"

cruises.

    5.  That at all times hereinafter mentioned, the defendant VANTAGE arranged for

accommodations in the various areas where the defendant's tours were conducted.

6.  That at all times hereinafter mentioned, the defendant VANTAGE owed a duty of reasonable care to the plaintiff while the plaintiff was under the defendant's control and supervision.

7.  That at all times hereinafter mentioned, the defendant VANTAGE had the sole responsibility to ensure that all accommodations procured were reasonably secure and free from all reasonably known dangers to its clients and customers, to include areas of the tours and warranted this fact to its customers/clients.

8.  On or about June 28, 2012 plaintiffs embarked on a European River cruise through the defendant VANTAGE's services.

9.  On or about July 10, 2012, defendant VANTAGE's European River cruise concluded in St. Petersburg, Russia.

10. On or about July 11, 2012, defendant VANTAGE arranged for a continuation of the plaintiff's tour through defendant VANTAGE's services and expertise.

11. On or about July 14, 2012 defendant VANTAGE's tour guide, arranged for the plaintiffs hotel accommodations in Riga, Latvia.

12. On or about July 14, 2012, the defendant VANTAGE arranged for the plaintiffs to stay at the hotel, Radisson Blu Daugava, in Riga, Latvia.

13. On or about July 14, 2012, the defendant VANTAGE arranged for the use of Radisson Blu Daugava for the plaintiffs, and warranted that the area was reasonably safe for the plaintiffs to stay and use of facilities in the area.

14. On or about July 14, 2012, the tour guide employed by VANTAGE recommended that the plaintiff, ROBERT J. GIUFFRA cross the bridge at Riga, Latvia, in order to use the restaurant facilities located away from the Hotel Blue Daugava.

2

15. On or about July 14, 2012, while plaintiff, ROBERT J. GIUFFRA was lawfully walking across the aforesaid bridge, he was brutally attacked, mugged, and suffered serious permanent physical injuries.

16. The above mentioned occurrence and resulting injuries was caused solely by the negligence, and breach of contract by the defendant VANTAGE in placing the plaintiff, ROBERT J. GIUFFRA in a foreseeable area of danger, and VANTAGE knew or should have known that the location was dangerous and unsafe to the plaintiff's, based on the extensive history of robberies and assaults in the area.

17. No negligence on part of the plaintiffs contributed to the plaintiff ROBERT J.GIUFFRA's aforesaid injuries.

18. Plaintiff, ROBERT J. GIUFFRA sustained serious personal injuries, and has been rendered sick, sore, lame and disabled; that these injuries are permanent; that he has been unable to pursue his usual duties and recreational activities for some time and upon information and belief, that such disability is continuing; and that he has been compelled to submit herself to medical care and attention in an endeavor to cure or alleviate his injuries, which treatment is continuing, and that he has been compelled to suffer physical pain, mental anguish and emotional distress and will sustain a loss of the enjoyment, and pleasures and pursuit of life.

### AS AND FOR SECOND CAUSE OF ACTION

19. The Plaintiff, MARY J. GIUFFRA, is a resident of the State of New York, County of Nassau.

20. At the time of plaintiff ROBERT J. GIUFFRA's injuries, the plaintiff MARY GIUFFRA was lawfully wed to the plaintiff ROBERT J. GIUFFRA, and the plaintiffs continue to be married.

3

21. No negligence on the part of the plaintiffs contributed to the occurrence.

22. That as a result of the wrongful and negligent acts of the defendant VANTAGE, the plaintiff MARY J. GIUFFRA was caused to suffer, and will continue to suffer loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

**WHEREFORE**, the plaintiffs jointly as husband and wife demand judgment against defendant on the First Cause of Action, and Second Cause of Action in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action.

Dated: New York, New York
      June 27, 2013

BY: _____
ROBERT J. GIUFFRA, ESQ.
250 Park Avenue
Seventh Floor
New York, New York 10177
Tel: (646) 485-5631

4



received
6/21/13 10:53 AM
Hand delivered

VANTAGE TRAVEL SERVICES
90 CANAL STREET
BOSTON, MA

NOTICE OF ACTION