UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT J. GIUFFRA and MARY GIUFFRA,<br><br>                             Plaintiffs,<br>     -against-<br><br><br>VANTAGE TRAVEL SERVICE,INC. d/b/a VANTAGE DELUXE WORLD TRAVEL,<br><br>                         Defendant. | Index No.:   13-cv-6880<br><br>Date Filed: 9/27/13<br><br>**AMENDED VERIFIED COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs, ROBERT GIUFFRA and MARY GIUFFRA, by their attorneys, RHEINGOLD, VALET, RHEINGOLD, McCARTNEY & GIUFFRA LLP, as and for their Amended Verified Complaint against the Defendant herein, respectfully set forth and alleges the following, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION FOR COMMON LAW OF NEGLIGENCE ON BEHALF OF PLAINTIFFS

1.     That at all times hereinafter mentioned, Plaintiffs were and still are residents of the County of Westchester and State of New York.

2.     That by a correspondence dated May 20, 2014, defendant consented that the Amended Verified Complaint be filed with this Court without further notice; and a copy of said correspondence is annexed hereto as Exhibit A.

3.     That at all times herein mentioned, Defendant VANTAGE TRAVEL SERVICE, INC. ("VANTAGE") was a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts.

4.     That at all times herein mentioned, Defendant VANTAGE was a foreign corporation duly authorized to transact business in the State of New York.

5.      That at all times herein mentioned, Defendant VANTAGE was a foreign corporation, that regularly did and/or solicited business and/or engaged in a persistent course of conduct or derived substantial revenue from goods used or consumed or services rendered within the State of New York.

6.      That at all times herein mentioned, Defendant VANTAGE was a foreign corporation that derived substantial revenue from interstate and/or international commerce and expected and/or should reasonably have expected that if it committed a tortious act without the State of New York that said tortious act would have consequences within the State of New York.

7.      That at all times herein mentioned, Defendant VANTAGE was doing business as a VANTAGE DELUXE WORL TRAVE ("DELUXE"),

8.      That at all times herein mention Defendant VANTAGE was an international retail travel and cruise company that provided travel and tourism related services to the public on behalf of suppliers such as airlines, car rentals, cruise lines, hotels, railways, and package tours.

9.      Plaintiffs entered into a contract with the Defendant VANTAGE to handle all details of their vacation to Eastern Europe in June 2012.

10.     That at all times herein mention, the Defendant VANTAGE undertook full and primary responsibility for, among other things, arranging for and booking flights, hotels, specific upgrades and all other duties customarily performed by a travel agent and the Defendant pledged to protect and promote the interests of the Plaintiffs in booking, reserving and confirming reservations.

11.     On or about June 28, 2012 Plaintiffs embarked on a European tour arranged by the Defendant, its agents, servants and/or employees.

12.     That on or about July 14, 2012 Plaintiffs were guests at the Radisson Blue Daugava in Riga, Latvia, accommodations which were selected by the Defendant VANTAGE.

13.     That on or about July 14, 2012 while the Plaintiffs were staying at the Radisson Blue Daugava in Riga, Latvia, Plaintiff ROBERT was brutally attacked and mugged as he was walking across the bridge located in the vicinity of the Radisson Hotel.

14.     That as a result of the foregoing, Plaintiff ROBERT sustained serious, severe and permanent personal and psychological injuries.

15.     That the aforesaid occurrence and Plaintiff ROBERT's resultant injuries were caused  wholly and solely, through and by reason of the negligence and carelessness of the Defendant, its agents, servants and/or employees, and their representations to the Plaintiffs that hotel chosen by them was situated in a safe area; in failure to  inquire into guest safety and security at the hotel; in failing to disclose that there was substantial criminal activity involving guests in the area in the months preceding the attack on Plaintiff ROBERT;  in advising the Plaintiffs that it was safe to utilize the pedestrian path and/or the steel bridge in the vicinity of the hotel; in that  the Defendant VANTAGE failed to investigate the proposed accommodations for safety and to warn prospective patrons of any dangerous conditions that could affect guests; in violating the applicable laws, rules, ordinances, statutes and regulations in such cases made and provided, including federal regulations governing charter tour operators and tort law; all without any fault or lack of care on the part of the Plaintiff ROBERT contributing thereto.

16.     That at all times hereinafter mention, the Defendant acted in concert as it related to the Plaintiffs herein and were principles of the Plaintiffs and/or other agents and/or contacts  herein and were responsible for providing all aspects of the tour in issue to Plaintiffs in safe, proper, warranted and represented manner.

17.     That as a result of the aforesaid occurrence Plaintiff ROBERT sustained injuries to his head, limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, that some of these injuries are permanent; that he has been unable to pursue his usual occupation and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefore in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress and will sustain a loss of the enjoyment, pleasures and pursuits of life.

18.     That by reason of Defendant's negligence and carelessness as aforesaid, Plaintiff ROBERT has been and will be caused to expend monies for her health care and well-being and has been damaged in other ways.

19.     That by reason of the foregoing, Plaintiffs have been damaged in a sum not to exceed $10,000,000.00.

20.     That this action falls within one or more of the enumerated exceptions set forth in CPLR §1602, and specifically §§1602(7), 1602(10) and 1602 (11).

## AS FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTACT ON BEHALF OF THE PLAINTIFFS

21.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained and set forth in the First Cause of Action with the same force and effect as though more fully set forth at length herein.

22.     That at the time the vacation package was sold and/or offered by the Defendant, said Defendant, its agents, servants and/or employees, expressly or impliedly warranted to the Plaintiffs that their vacation tour would ran as promised and planned and that the hotel and the surroundings area was safe.

23.     Plaintiff booked their tour in reliance on said advertising, warranties and representations of the Defendant VANTAGE.

24.     That the warranties of the Defendant with respect to the area were false in that the area was not safe.

25.     That Defendant, its agents, servants and/or employees breached their warranties in that said area was not safe

26.     That by reason of Defendant's breach of warranties as aforesaid, Plaintiffs have been damaged in a sum not to exceed $10,000,000.00.

### AS FOR A THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIDARY DUTIES ON BEHALF OF PLAINTIFFS

27.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained and set forth in the First Cause and Second Causes of Action with the same force and effect as though more fully set forth at length herein.

28.     As agents of the Plaintiffs, Defendant VANTAGE owed a fiduciary duty of undivided loyalty, good faith and diligence to the Plaintiffs and charged with the duty to act with integrity and to perform to a highest degree so as to ensure that services purchased by the Plaintiffs were actually delivered.  Plaintiffs relied upon the Defendant VANTAGE to act in such a manner as to benefit and protect them and provide them with the trip that they were promised.

29.     At all times hereto the aforementioned Defendant and its affiliates owed duties to the Plaintiffs as fiduciaries to provide the tour in issue as contracted, warranted and represented and in a sanitary, safe and careful manner.

30.     By wrongfully neglecting their duties to the Plaintiffs, the Defendant has prevented Plaintiffs from realizing the value of their vacation, causing them undue inconvenience and

aggravation and caused the Plaintiffs to suffer damages that they would not have incurred had Defendant fulfilled its obligations.

31.     That by reason of Defendant's breach of their fiduciary duty as aforesaid, Plaintiffs have been damaged in a sum not to exceed $10,000,000.00.

## AS FOR A FOURTH CAUSE OF ACTION FOR LOSS OF SERVICES
## ON BEHALF OF PLAINTIFFS

32.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained and set forth in the First Cause, Second and Third Causes of Action with the same force and effect as though more fully set forth at length herein.

33.     That at all times hereinafter mentioned, Plaintiff MARY GIUFFRA ("MARY") was and still is the wife of Plaintiff ROBERT and they duly resided together as husband and wife.

34.     That by reason of the aforesaid carelessness and negligence of the Defendant, Plaintiff MARY has been, and will continue to be deprived of the services, society, consortium, companionship and support of Plaintiff ROBERT and said Plaintiff MARY has been and will continue to be compelled to incur and/or expend various sums of money for hospital and medical expenses on his behalf.

35.     That by reason of the foregoing, Plaintiff MARY has been damaged in a sum not to exceed $10,000,000.00.

36.     WHEREFORE, Plaintiffs demand judgment against the Defendant in a sum not to exceed $10,000,000.00 on each and every cause of action, and seeking punitive damages in an amount that is fair, reasonable and just, together with the interest, costs and disbursements of this action.

Dated: New York, New York
        May 28, 2014

Respectfully submitted,

_____
THOMAS P. GIUFFRA, ESQ. (1274)

# EXHIBIT

# A

RHEINGOLD, VALET, RHEINGOLD  MCCARTNEY & GIUFFRA LLP
Attorneys for the Plaintiff
113 East 37th Street
New York, N.Y. 10016
Tel:    (212) 684-1880



**NIXON PEABODY**

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**James W. Weller**
*Partner*
T 516-832-7543
jweller@nixonpeabody.com

50 Jericho Quadrangle
Suite 300
Jericho, NY  11753-2728
516-832-7500

May 20, 2104

<u>**VIA EMAIL & REGULAR MAIL**</u>

Thomas P. Giuffra, Esq.
Rheingold, Valet, Rheingold, McCartney
 & Giuffra LLP
113 East 37th Street
New York, New York 10016-3042

**RE:  Guiffra v. Vantage – Case 7:13-cv-06880-VB**

Dear Mr. Giuffra:

As we have discussed, we write on behalf of defendant to confirm that we have no objection to
the proposed amended complaint.

Very truly yours,

James W. Weller

JWW

## **VERIFICATION**

The undersigned, an attorney admitted to practice before the Courts of the State of New York, hereby affirms, under the penalty of perjury, as follows:

That I am a member of the firm of RHEINGOLD VALET RHEINGOLD McCARTNEY & GIUFFRA, LLP, attorneys for the plaintiffs herein.

That I have read the foregoing **AMENDED VERIFIED COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to those matters I believe them to be true.

The grounds for affirmant's knowledge and belief as to all matters therein stated are documents in the possession of plaintiff's attorneys and conversations with the plaintiff.

The reason this affirmation is made by the undersigned and not by the plaintiff is that plaintiff resides outside the County wherein RHEINGOLD VALET RHEINGOLD McCARTNEY & GIUFFRA, LLP maintains its offices.

Dated: New York, New York
        May 28, 2014

_____
Thomas P. Giuffra

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2014 I served the within **PLAINTIFFS' AMENDED VERIFIED COMPLAINT** in the following manner:

by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following:

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant
77 Water Street
New York, NY 10005

_____
VICKI TOCHIN

Sworn to before me this
28th day of May 2014

_____
Notary Public

YAJAIRA ARIAS
Notary Public, State of New York
No. 01AR6287559
Qualified in Bronx County
Commission Expires Aug. 12, 20 17

7:13-cv-06880-VB
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT J. GIUFFRA and MARY GIUFFRA,

Plaintiffs,

-against-

VANTAGE TRAVEL SERVICE, INC. d/b/a VANTAGE DELUJXE WORLD TRAVEL

Defendant.

---

AMENDED VERIFIED COMPLAINT

---

RHEINGOLD, VALET, RHEINGOLD, MCCARTNEY & GIUFFRA LLP
Attorneys for the Plaintiffs
113 East 37th Street
New York, N.Y. 10016
Tel:    (212) 684-1880